## Catania v. Heenan

*Denis W. Lanctot*, for plaintiff.
*Martin J. King*, for defendant.

GARB, *P.J.*, January 10, 1985—This is an action in quo warranto wherein plaintiff seeks an order declaring that he was duly appointed to board membership on the Bucks County Water and Sewer Authority and that defendant be declared not to have been appointed. After the complaint and answer thereto were filed, the parties agreed upon a stipulated set of facts as in the nature of a case stated. The matter has thereupon been briefed by both sides and submitted to the undersigned for disposition.

The facts as stipulated provide that the Bucks County Water and Sewer Authority is a municipal authority incorporated pursuant to the provisions of the Municipal Authorities Act of 1945, the Act of May 2, 1945, P.L. 382, §1, 53 P.S. §301 et seq. That authority was created by the Board of Bucks County Commissioners and its governing body is a board of directors consisting of five members.

At the municipal election held on November 8, 1983, Carl F. Fonash, Lucille M. Trench and An-

drew L. Warren were elected county commissioners for a term of four years to begin on the first Monday of January 1984 until their successors are duly qualified. The fourth candidate in that election, Elaine P. Zettick, was defeated.

On January 2, 1984, the first Monday of January of 1984, at 12:01 a.m., an oath of office as provided for by §403 of the County Code, the Act of August 9, 1955, P.L. 323, §403, 16 P.S. §403, was administered to commissioners Carl F. Fonash and Lucille M. Trench by a person authorized to administer oaths.

Andrew L. Warren and Elaine P. Zettick, as two of the three members of the board of county commissioners elected in the municipal election of November 1979 and holding office until the first Monday of January 1984, had scheduled a meeting of the board of county commissioners at 9:00 a.m. on January 2, 1984. Fonash and Trench were present at the commencement of that meeting and, prior to any formal action being taken, they voted to adjourn it. Zettick and Warren continued to conduct business after Fonash and Trench voted to adjourn. The said meeting of January 2, 1984 was held prior in time to the acknowledgment by the deputy recorder of deeds of the bonds of Fonash and Trench.

At the aforesaid meeting held on January 2, 1984 at 9:00 a.m., Zettick and Warren voted to reappoint defendant herein to a five-year term as a member of the Bucks County Water and Sewer Authority Board of Directors. Defendant was previously appointed a member of that authority board on or about February 8, 1974 and was reappointed to a second five-year term effective on or about the first of January 1979.

On Tuesday, January 3, 1984 the newly constituted Board of Commissioners of Bucks County con-

sisting of commissioners Fonash, Trench and Warren held an organizational meeting in the community room of the Bucks County Court House. At said meeting the board of county commissioners, by a vote of 2-0 (with Warren abstaining), voted to appoint plaintiff to a five-year term as a member of the Bucks County Water and Sewer Authority Board of Directors to fill the vacancy which was created by the expiration of the previous term of defendant. Both plaintiff and defendant, therefore, were appointed to fill the same position on the board of the authority, there being only one vacancy. Defendant accepted the appointment and continues to exercise the duties of a member of the authority board to the present date. Plaintiff has likewise accepted the appointment and has attempted to exercise the duties of a member of the authority board but the other members of the authority have refused to recognize his appointment.

Section 309 of the Municipal Authorities Act provides that the governing body of the municipality creating the authority shall appoint the members of the board whose terms of office shall commence from the date of appointment. That section provides, in addition, as follows:

"One member shall serve for one year, one for two years, one for three years, one for four years and one for five years from the first Monday in January next succeeding the date of incorporation or amendment, and if there are more than five members of the board, their terms shall be staggered in a similar manner for terms of from one to five years from the first Monday in January next succeeding. Thereafter whenever a vacancy has occurred by reason of the expiration of the term of any member, the said governing body shall appoint a member of the board for a term of five years from the date of expiration of

the prior term to succeed the member whose term has expired."

Therefore, it is clear that the term to which defendant was appointed in January of 1979 expired on the first Monday of January 1984, January 2, 1984. Therefore, on that date, there was a vacancy.

However, we are satisfied that the vacancy which was then created was not filled by defendant's appointment at the purported meeting of January 2, 1984. On that date, Zettick was no longer a county commissioner and therefore lacked the power to participate in the appointment. Section 401 of the County Code in sub-section (b) provides as follows:

"All such officers (including the county commissioners) shall be elected at the municipal election next preceding the expiration of the terms of the officers now in office, and quadrennially thereafter, and shall hold their offices for a term of four years from the first Monday of January next after their election and until their successors shall be duly qualified, but in the event of any such officers so elected, *excepting a county commissioner* or auditor, shall fail to qualify, or if no successor shall be elected, then the officer then in office shall continue in office only until the first Monday of January following the next municipal election, at which time his successor shall be elected for a term of four years. *In the case of a county commissioner or auditor, there shall be a vacancy which shall be filled as provided in this act.*" (Emphasis supplied.)

From the foregoing we believe it is clear that regardless of whether or not Trench qualified by virtue of the acknowledgment and filing of her bond as provided for in §420 of the County Code, Zettick no longer held the office of county commissioner because her term expired at 12:01 a.m. on the first Monday of January 1984, January 2, 1984. [County

commissioners] do not hold over in their office until their successors are qualified. Rather, by the provisions of the above section, upon the expiration of their term, if their successors have not qualified, there is a vacancy in said office. Therefore the 9:00 a.m. meeting of January 2, 1984 was a nullity.

It should be noted that the terms of office of all of the county elected officials enumerated in §401 are specifically denominated to begin the first Monday of January the year following the municipal election, regardless of whether or not that particular day is a holiday. On the other hand, §502 of the County Code provides that the county commissioners shall hold their reorganization meeting on the first Monday of January when they initially take office, but that if the first Monday is a legal holiday the meeting shall be held on the first day following. Therefore, the reorganizational meeting was held the first day following, at which time the three duly elected, and then qualified, commissioners met for the organizational meeting. At that meeting plaintiff was appointed to the vacancy which continued to exist up to that time.

Defendant's arguments that somehow Trench's bond was defective is hypertechnical at best. The bond which was filed complies substantially with the requirements of the Act of Assembly. The mere fact that it was acknowledged by a deputy recorder of deeds as opposed to the recorder of deeds, Trench, herself, being the recorder of deeds, is, at best, a ministerial quibble. To hold at this late date that somehow the bond she has filed does not comply with the requirements of law and, therefore, that she has not qualified as a county commissioner, would have the effect of vitiating all actions of the board of county commissioners in which she has participated for over one year.

It is ironic, as plaintiff points out, that the same infirmities which defendant finds in Trench's bond are to be found in the bonds filed by Warren and Zettick when they took office. Defendant contends that that is a collateral matter and not to be considered. However, if defendant's argument regarding Trench's bond is to be taken seriously, then neither Warren nor Zettick were ever properly qualified as county commissioners and, therefore, obviously lacked the power on January 2, 1984 to make the appointment which they purported to do. We assume that the absurdity of this reasoning is evident.

## ORDER

And now, this January 10, 1985 it is hereby ordered that a·verdict be entered in favor of plaintiff and against defendant, that defendant shall be declared removed from office as a director of the Bucks County Water and Sewer Authority, and that plaintiff shall be declared the duly appointed member of the board of directors of that authority for a term beginning January 3, 1984 and for a term of five years.